# In The United States District Court

## For The Northern District

### Of Illinois

RECEIVED

DEC 2 0 2007
DEC 20 2007
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

Larry Maurice Banks

    Vs

People of the State of Illinois

Judge William Lacy

07cv7172
JUDGE GOTTSCHALL
MAG. JUDGE COX

---

## Notice Of Removal

Now comes Larry Maurice Banks pro'se and pursuant to 28 U.S.C. section 1443 gives notice of removal to the named individuals people of the state of Illinois  and Judge William Lacy

### Statement Of Facts

1) Due to the defendant being detained in the Elgin Mental Health Center because of his race, religious beliefs, and culture, the defendant cannot enforce his rights in the state court which the United States Constitution affords individuals the right to equal protection under the law.

2) The petitioner for removal is submitted to the court and Judge William Lacy to give notice of removal.

Respectfully Submitted

Larry Maurice Banks

# In The United States District Court **RECEIVED**

## For The Northern District

## Of Illinois

DEC 2 0 2007

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

Larry Maurice Banks

    Vs

People of the state of Illinois

Judge William Lacy

07cv7172
JUDGE GOTTSCHALL
MAG. JUDGE COX

## Petition for Removal

    Now comes the petitioner Larry Maurice Banks pro'se, and pursuant to 28 U.S.C. section 1443 and seeks removal of the instant action to this court.  In support of the instant notice of removal, petitioner states as follows.

1) The instant criminal action was brought against the petitioner by States Attorney Mike Hogan on a felony complaint form charging the defendant with drive to left of center 9-40-100(a) INSURANCE-operate MTR vehicle without 625 ILcs55.0/3-707, Drivers license permit-fail to carry/display 625 Ilcs5.0/5-112, Theft of lost mislaid property 725 Ilcs 5.0/16.2 and 720 Ilcs5/12-4(a) aggravated battery

2) The petitioner was transferred to cook county on October 31, 2006 before the Honorable Josphe Thomas Hennelly and the original cases were called to acknowledgement and Judge Thomas gave the petitioner a three hundred thousand (300,000) USD bond and found probable cause to send the case to 51st Wentworth before the honorable Adam Bourgeois in branch 48.

3) On November 6, 2006, during the petitioner's preliminary hearing, the petitioner informed the court that he was invoking his 6th amendment right and was proceeding pro'se.  When the honorable Judge Adam Bourgeois was informed by the petitioner that he wished to proceed pro'se, the Judge denied the petitioner his fundamental constitutional right and forced attorney Alexander on the petitioner.  Attorney Alexander was informed that the petitioner won't proceed pro'se and proceeded in the hearing against the defendant's wishes.

4) On November 6, 2006 Attorney Alexander allowed the state's attorney to amend the complaint which in turn left the petitioner unable to object and waived the petitioner's rights to confront the states attorney case of improper search and seizure.

5) Upon information and belief, onn November 6, 2006 Judge Adam Bourgeois and the states attorney and public defender Alexander were working together to deny the petitioner's constitutional rights. Due to this, the petitioner was denied the right to have a fair hearing and due to this the petitioner's fundamental constitutional rights were violated.

6) On November 6, 2006 the court had another ex-parte hearing and the states attorney Mike Hogan brought an information charge with 14 counts of several attempt first degree murder and Judge Adam Bourgeois only found probable cause on 720Ilcs 5/12.4(a) aggravated battery

7) On November 29, 2006 Judge Paul p. Beible jr. was informed of the information charge and sent the petitioner to Bridgeview on the information charge of 14 counts which has no basis.

8) On December 6, 2006 Judge Victoria Stewart arraigned the petitioner. The public defender came to speak with the petitioner and the

petitioner informed the public defender that he wishes to invoke his
6th amendment right to proceed pro'se.  When Judge Victoria Stewart
informed the petitioner that she was appointing the public defender,
and the petitioner informed Judge Victoria Stewart that he is invoking
his 6th amendment right to proceed pro'se.  Judge Victoria Stewart
became mad and informed the petitioner that if he goes pro'se that she
was going to treat the petitioner as a lawyer. The petitioner then
informed Judge Victoria Stewart to continue with the proceedings.
Judge Victoria Stewart read the information charges and asked the
petitioner how he was pleading to the charges.  The petitioner
objected and informed Judge Victoria Stewart that he was charged
with 14 counts and that the information was incorrect and that the
petitioner had a preliminary hearing which Judge Adam Bourgeois
found probable cause on aggravated battery and nothing else. Judge
Victoria Stewart became angry and asked the petitioner if he wanted
an S.O.J. (Transfer of Judge) and she transferred the case back to
cook county to Judge Paul p. Beible jr. to appoint another judge.

9) On December 29, 2006 Judge Paul .p Beibel jr. transferred the case
back to Bridgeview and Judge Thomas Davy was appointed to handle
the case. Due to Judge Davy being on vacation, Judge Walaluski was
standing in for Judge Davy.  The petitioner's charges were read and
the petitioner objected and proceeded to make an oral argument, and
Judge Walaluski informed the petitioner that he couldn't make an oral
argument and stopped the petitioner from bringing up the issue that
the petitioner was being illegally detained on information which the
states attorney brought against him.

10) On January 17, 2007 due to the fact that the petitioner had filed a motion to proceed pro'se and motion for discovery which Judge Thomas Davy denied, Judge Thomas Davy ordered a hearing to see if the petitioner was fit to stand trial.

11) The petitioner was found unfit to stand trial on June 13, 2007 and was sent to cook county. The petitioner filed a motion to have a jury decide on the petitioner's fitness which Judge Paul p. Beibel jr. granted. The petitioner was then sent to courtroom 205 before the Honorable Judge William Lacy, and public defender Stewart Smith was forced upon him.

12) On June 25, 2007 before Judge William Lacy, the petitioner informed the Judge that the public defender wasn't in the petitioner's best interest. Judge William Lacy informed the petitioner to talk to the attorney and the petitioner stated that he wants another attorney because the public defender failed to secure the transcripts for appeal. The petitioner filed a motion for an independent competing evaluation, and the Judge denied the petitioner's motion stating that the petitioner's request was a waste of tax payer's money.

13) On July 25 and 26, 2007 the petitioner's fitness trial didn't have any African Americans on the jury, and due to the petitioner being on trial because of his religious way of life, culture, and race. The states attorney's case was built on the issues of the petitioner's sovereign status. The petitioner informed the court that this has nothing to do with the case in general, and Judge Colhgan allowed the states attorney to continue to attack the petitioner's religious way of life, culture and race.

14)The petitioner was found unfit because of three (3) reasons and the constitution protects a citizen or a non-citizen from prosecution because of his religious way of life or his culture or race. Due to the following, the petitioner seeks to remove the case to the federal court because the petitioner is being prosecuted due to his religious way of life, culture and race. The petitioner's records show that he's being detained in the Elgin Mental Health Center due to his religious way of life, culture and race. Each day that the petitioner is detained in the Elgin Mental Health Center is an infringement of his fundamental constitutional rights. The petitioner fears that he is not being treated under equal protection of the law due to his religious way of life, culture and race and the petitioner prays that this case be removed to the United States District court for the Northern District of Illinois Eastern Division.

See exhibit "A" Transcripts of preliminary hearing

See exhibit "B" disposition of November 6, 2006

See exhibit "C" transcripts of 10/31/06

See exhibit "D" transcripts of 7/25/07 7/26/07

See exhibit "E" transcripts of ex-parte proceedings 11/14/06 and 11/29/06

See exhibit "F" transcripts of Judge Victoria Stewart 12/6/2005

See exhibit "G" transcripts of Judge Waloluski, 12/29/06

See exhibit "H" transcripts of Judge Thomas Davy 1/17/07

## Certificate of Service

Now comes the plaintiff and submits a true and correct copy of the following notice of removal and petition for removal to the united states district clerk for the northern district located at 219 South Dearborn Chicago Illinois 60604, and also a copy of the following to Cook County Clerk Denise Barnes.

Respectfully Submitted

Larry Maurice Banks

# TABLE OF AUTHORITIES

1) ROGER VS RUCKER, N.D. Ga 1993, 855 F. Supp. 1410 ......

2) Board of Ed of city of Atlanta VS American Federation of Estate, County & Municipal Emp AFL-Cio, N.D. Ga 1975, 401 F. Supp 68 ..........

3) Nuccio VS Heud E.D. La. 1969, 299 F. Supp 959 .........

4) Neal VS Wilson E.D. ARK 1996 970 F. Supp 976 Affirmed 118 F. 3d 351 ..............

5) WALKER VS State of Ga, C.A. 5 (cal 1969, 417 F. 2d 5 ......

6) STATE OF LA VS TYSON E.D. LA 1968, 241 F. supp. 142 ...

7) Boyce vs school Dist of Philadelphia E.D. Pa 1979, 447 F. Supp 357 .............

8) Bridgeport E.d. Ass'n VS Zinner D.C. Com 1976, 415 F. Supp 715 ............

9) Gutman VS Silverberg, D.N.M 2005, 374 F. Supp. 2d 991 .......

10) Cochran vs city of Eufaula, Na M.D. Ala. 1996, 351 F. Supp 981 ...........

11) Akhaghi vs Berry, D.Kans. 2003, 294 F. Supp 2d 1238 .........

12) Jackson vs city of Vicksburg, Miss, C.A. 5 (Mis) 1966, 361 F. 2d 1473 ...........

13) In Re WRIGHT, M.D. Ala, 1965, 251 F. Supp. 880 ..........

14) STATE OF NY vs Galamison C.A. 2 (NY) 1965, 342 F. 2d 255 Certiorari Denied 85 S.ct. 1842, 380 U.S. 977, 14 L.ed 2d 272 ...

15) NANCE VS Jackson, M.D. Ala 1972, 56 F. R.D. 463 ..........

16) STATE OF Md vs Brown D.C. Md 1969, 295 F. Supp 63 .........

17) Bound vs Smith 430 U.S. 817 (1977) ..........

18) Anonymous 40 Ill. 771 1866) ...........

19) West Virginia State Bar VS Bastic, S.D. W. Va, 1972, 351 F. Supp 1118 ..........

20) STATE OF La VS London, E.D. La 1971, 335 F. Supp. 585

21) U.S. ex rel fuller US Coffey E.D. Wis 1969, 299 F. Supp. 315 ...

22) U.S. Ex rel Sullivan vs State, C.A. 8 (Mo) 1978, 588 F. 2d 579 ..........

23) People of State of N.Y. Document Filed 02/20/2007 1966 25 at F. Supp. 270.
....................
24) U.S. EX rel Jordan vs Montgamery County Court Narristown)
Pa, E.D. Pa. 1967, 227 F. Supp. 24 ...............

## OTHER AUTHORITIES

1) AM Jur. 2d civil RIGHTS §§ 46. Jurisdiction ..............
2) Am Jur. 2d civil RIGHTS §§ 218, State & federal .........
3) AUTHORIZING Removal of State Prosecution to federal court..
   AM. Jur. 2d civil RIGHTS ss 265 Jurisdiction Removal Jurisdiction
...............
4) AM Jur. 2d federal court §§ 1617 REQUIREMENT That Removal be
From "State court..................
5) federal Procedural forms §§ 58:33, Allegation in NOTICE - crimin
Defendant Denied civil RIGHTS by State Prosecution (28 U.S.C. §§ 144
(1).1446) ...............
6) federal Procedure Lawyer Edition §§ 22:51 what criminal Prosecution
MAY Be Removed..............
7) Federal Procedure lawyer Edition §§ 11:105 only Defendant may se
K Removal...............
8) Federal Procedure Lawyer Edition §§ 11:114 RIGHT of EQual Protection.
...............
9) federal Procedure lawyer S. edition §§ 11:430 Jurisdiction - Removal
Jurisdiction............
10) WRIGHT & Miller : federal Pro & Proc, §§ 40) SCOPE of The Removal
Jurisdiction..............

## Constitutional Provisions

1st Amendment............
4th Amendment............
6th Amendment............
14th Amendment............