## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan B. Gottschall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 07 C 7172 | **DATE** | 1/28/2008 |
| **CASE TITLE** | Banks vs. State of Illinois et al. | | |

**DOCKET ENTRY TEXT**

Plaintiff Banks's petition to remove his criminal case to federal court [1] is denied. His motion to proceed *in forma pauperis* [5] is therefore denied as moot. Civil case terminated.

■[ For further details see text below.]　　　　　　　　　　　　　　　　　　　　　　　Docketing to mail notices.
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　*Mail AO 450 form.

### STATEMENT

Larry Banks ("Banks") filed a complaint petitioning to remove his case from state court pursuant to 28 U.S.C. § 1443. Section 1443 provides, in relevant part, that a defendant in a state court criminal prosecution may remove the case to federal court where prosecution is pending "[a]gainst any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof." 28 U.S.C. § 1443(1). However, a person may not obtain removal under § 1443 simply by alleging that their "federal equal civil rights have been illegally and corruptly denied by state administrative officials in advance of trial, that the charges against the defendant are false, or that the defendant is unable to obtain a fair trial in state court." *City of Greenwood v. Peacock*, 384 U.S. 808, 827 (1966). Section 1443 provides no basis for removal if federal law does not confer a right to the conduct in which petitioner is alleged to have engaged or no federal law confers immunity from prosecution for such conduct. *Id.* at 826-27. Simply put, "[u]nless a federal statute provides 'that no State should even attempt to prosecute [persons] for their conduct[,]' they may not remove." *Wisconsin v. Glick*, 782 F.2d 670, 672 (7th Cir. 1986) (quoting *Peacock*, 384 U.S. at 826).

In *Peacock*, a group of African-American civil rights activists were arrested in Mississippi and charged with various offenses, including assault and operating a motor vehicle with improper license. *Peacock*, 384 U.S. at 814 n.5. The activists believed they would be unable to obtain a fair trial in Mississippi state court because of their race and petitioned to have the case removed to federal court. *Id.* at 826. The U.S. Supreme Court held that removal under § 1443 was not permissible, observing that the issue when determining the permissibility of removal "is not whether state officials . . . have engaged in conduct for which they may be civilly or criminally liable under federal law." *Id.* at 831.

The facts in this case are very similar to those in *Peacock*. The State of Illinois has brought charges against Banks for traffic infractions and aggravated battery. No federal law confers either a right to perform such

**STATEMENT**

conduct or immunity from prosecution for such conduct; thus, the crimes with which Banks has been charged do not provide a right of removal to federal court. Banks alleges that the judge and the prosecutor in his criminal case have denied him a fair hearing, that he has been prevented from asserting his constitutional rights, and that he is being prosecuted and detained because of his "religious way of life, culture and race." However, allegations of unfairness in state court proceedings do not form a basis for removal to federal court, even if that unfairness is based on race or religious belief. If Banks believes he does not receive a fair hearing, he may appeal to the state appellate court. If his federally-protected rights have, in fact, been denied and the state appellate courts do not correct this, then - and only then - does Banks have available to him federal remedies such as a petition for habeas corpus.

The court holds that it has no subject matter jurisdiction over Banks's state criminal case and it therefore denies his petition for removal. The petition to proceed *in forma pauperis* is consequently denied as moot.